IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| JENNIFER FORD HERNANDEZ, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OCWEN LOAN SERVICING, LLC and | ) | |
| U.S. BANK, N.A. | ) | Case No. 9:17-cv-80525 |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## DEFENDANT OCWEN LOAN SERVICING, LLC'S ANSWER TO COMPLAINT

Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), by counsel and pursuant to the Federal Rules of Civil Procedure, states as follows for its Answer and Affirmative Defenses in response to the Complaint (ECF No. 1) filed by the Plaintiff, Jennifer Ford Hernandez ("Plaintiff"):

### PARTIES, JURISDICTION, AND VENUE

1.  Ocwen admits that Plaintiff is a citizen of the state of Tennessee.

2.  In response to Paragraph 2, Ocwen admits that it is a Delaware limited liability company with its headquarters in Florida. Except as specifically admitted, the allegations in Paragraph 2 are denied.

1

3. The allegations in Paragraph 3 are not directed at Ocwen and accordingly, no response is required. To the extent a response is required, the allegations are denied for lack of information.

4. The allegations in Paragraph 4 constitute a legal conclusion to which no response is required; to the extent a response is required, Ocwen admits there is diversity jurisdiction under 28 U.S.C. § 1332.

5. The allegations in Paragraph 5 constitute a legal conclusion to which no response is required; to the extent a response is required, Ocwen admits that this Court has personal jurisdiction over Ocwen.

6. The allegations in Paragraph 6 are not directed at Ocwen and accordingly, no response is required. To the extent a response is required, Ocwen denies the allegations for lack of information.

7. The allegations in Paragraph 7 are not directed at Ocwen and accordingly, no response is required. To the extent a response is required, Ocwen denies the allegations for lack of information.

8. Denied.

9. Denied.

## OPERATIVE FACTS

10. Ocwen admits that Freddie Ford and Annette M. Erckman executed a Promissory Note and Deed of Trust (collectively, the "Loan") dated April 29, 1994 related to the real property located at 165 Nelson Drive, Brighton, Tennessee 38011. Ocwen lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 10.

11. Ocwen lacks sufficient information to admit or deny the allegations in Paragraph 11 regarding the execution of the Quit Claim Deed and, therefore, denies the same. Ocwen admits that Exhibit 1 to the Complaint purports to be a contract for sale. Ocwen states the Exhibit speaks for itself and denies any allegation inconsistent with Exhibit 1.

12. Ocwen lacks sufficient information to admit or deny the allegations in Paragraph 12 and, therefore, denies the same.

13. Ocwen lacks sufficient information to admit or deny the allegations in Paragraph 13 and, therefore, denies the same.

14. Ocwen lacks sufficient information to admit or deny the allegations in Paragraph 14 regarding whether and when Plaintiff was "added to the mortgage account." Ocwen admits that GMAC Mortgage, LLC serviced the Loan and that Ocwen has also serviced the Loan. Except as specifically admitted, the allegations in Paragraph 14 are denied.

15. Ocwen admits that it has serviced the Loan for a certain period of time. Ocwen admits that the investor in the Loan is U.S. Bank National Association, as Trustee, successor-in-interest to Wachovia Bank National Association, as Trustee for GSMPS Mortgage Loan Trust 2005-RP3, Mortgage Pass-Through Certificates, Series 2005-RP3. Ocwen admits a Substitution of Trustee was recorded with the Tipton County, Tennessee Register of Deeds. Except as specifically admitted, the allegations in Paragraph 15 are denied.

16. In response to Paragraph 16, Ocwen states the Loan Modification Agreement speaks for itself and denies any allegations inconsistent with the Loan Modification Agreement.

17. In response to Paragraph 17, Ocwen admits a payment was made on the loan in February 2015. At the time of this payment, a regular payment had not been made since December 1, 2013. Except as specifically admitted, the allegations in Paragraph 17 are denied.

18. Ocwen admits that the payment history attached to the Complaint as Exhibit 5 speaks for itself.

19. Ocwen admits that the payment history attached to the Complaint as Exhibit 5 speaks for itself.

20. Ocwen admits that the payment history attached to the Complaint as Exhibit 5 speaks for itself.

21. Ocwen lacks information sufficient to admit or deny the allegations in Paragraph 21 as stated, and, therefore, denies the same.

22. Ocwen admits that it provided a pay-off quote to Plaintiff on July 14, 2015. Ocwen states the pay-off quote speaks for itself and denies any inconsistent characterization of the pay-off quote.

23. In response to Paragraph 23, Ocwen states the pay-off quote speaks for itself and denies any inconsistent characterization of the pay-off quote.

24. In response to Paragraph 24, Ocwen admits that it received a check in July 2015 in the amount of $13,246.99 that was made out to Ocwen Loan Servicing, LLC and Plaintiff. Except as specifically admitted, the allegations in Paragraph 24 are denied.

25. Ocwen denies the allegations in Paragraph 25.

26. Ocwen lacks knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's state of mind and, therefore, denies the same.

27. In response to Paragraph 27, Ocwen states Ocwen's website speaks for itself and denies any inconsistent characterization of its website.

28. In response to Paragraph 28, Ocwen states Ocwen's website speaks for itself and denies any inconsistent characterization of its website.

29. The allegations in Paragraph 29 are denied.

30. Ocwen admits that Plaintiff called Ocwen inquiring about whether it had received the insurance check to pay off the account. Except as specifically admitted, the allegations in Paragraph 30 are denied.

31. Ocwen admits that it received the check and placed the funds in a Hazard Suspense account. Ocwen lacks knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's state of mind and, therefore, denies the same. Except as otherwise admitted, the allegations in Paragraph 31 are denied.

32. The allegations in Paragraph 32 are denied.

33. Ocwen admits that monthly payments on the Loan were past due. Ocwen lacks knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's state of mind and, therefore, denies the same. Except as specifically admitted, the allegations in Paragraph 33 are denied.

34. Ocwen admits that Plaintiff requested foreclosure proceedings be postponed and that Ocwen postponed the foreclosure proceedings. Except as specifically admitted, the allegations in Paragraph 34 are denied.

35. Ocwen admits that Plaintiff and Ocwen engaged in multiple communications communication. Ocwen further states the referenced letter speaks for itself and denies any inconsistent characterization of the letter. Except as specifically admitted, the allegations in Paragraph 35 are denied.

36. Ocwen admits that fees were added to the account, as authorized by the terms of the Deed of Trust, because monthly payments on the Loan were past due. Ocwen denies that

Plaintiff was promised that "Ocwen would apply the funds and pay off her loan and would cancel the foreclosure sale." Except as specifically admitted, the allegations in Paragraph 36 are denied.

37. Ocwen lacks knowledge or information sufficient to form a belief as the truth of the allegations regarding Plaintiff's reliance and, therefore, denies the same.

38. Ocwen denies the allegations in Paragraph 38.

39. Ocwen admits that Plaintiff was advised she would need to execute a payoff affidavit in order to apply insurance proceeds to pay off of the loan. Ocwen did not receive an executed affidavit from the Plaintiff. Except as specifically admitted, Ocwen denies the allegations in Paragraph 39.

40. Ocwen admits that it sent Plaintiff a payoff affidavit in October 2015. Ocwen further states the payoff affidavit speaks for itself and denies any inconsistent characterization of the payoff affidavit.

41. Ocwen admits it sent a payoff quote on October 7, 2015. Ocwen further states that the payoff quote speaks for itself and denies any inconsistent characterization of the payoff quote. Except as specifically admitted, the allegations in Paragraph 41 are denied.

42. Ocwen admits that Plaintiff did not sign the payoff affidavit. Except as specifically admitted, the allegations in Paragraph 42 are denied.

43. Ocwen admits that it sent Plaintiff a payoff affidavit in June 2016. Ocwen further states that the payoff affidavit speaks for itself and denies any inconsistent characterization of the payoff affidavit. Except as specifically admitted, the allegations in Paragraph 43 are denied.

44. Ocwen admits that in June 2016, the amount due on the Loan was $19,251.49. Except as specifically admitted, the allegations in Paragraph 44 are denied.

45. Ocwen admits that in July 2016, the amount due on the Loan was $20,356.00. Except as specifically admitted, the allegations in Paragraph 45 are denied.

46. Ocwen admits that Plaintiff did not sign a payoff affidavit. Ocwen lacks knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's state of mind and, therefore, denies the same. Except as specifically admitted, the allegations in Paragraph 46 are denied.

47. Ocwen admits that the foreclosure sale was postponed as Ocwen attempted to resolve the dispute with the Plaintiff. Except as specifically admitted, the allegations in Paragraph 47 are denied.

48. Ocwen denies the allegations in Paragraph 48.

49. Ocwen admits that the Property was sold at a foreclosure sale in January of 2017. Ocwen lacks knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's state of mind and, therefore, denies the same. Except as specifically admitted, the allegations in Paragraph 49 are denied.

50. Ocwen lacks knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 50 and, therefore, the allegations are denied.

51. Ocwen lacks knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 51 and, therefore, the allegations are denied.

52. Ocwen lacks knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 52 and, therefore, the allegations are denied.

53. Ocwen admits that Plaintiff contacted Ocwen. Except as specifically admitted, the allegations in Paragraph 53 are denied.

54. Ocwen denies the allegations in Paragraph 54.

55. Ocwen lacks knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 55 and, therefore, the allegations are denied.

56. Ocwen denies the allegations in Paragraph 56.

57. Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

## FIRST CLAIM – FRAUD

58. Ocwen incorporates by reference its responses to the preceding paragraphs of the Complaint.

59. Owen denies the allegations in Paragraph 59.

60. Ocwen denies the allegations in Paragraph 60.

61. Ocwen admits that it received a check in the amount of $13,246.99 and that the funds were placed in the Hazard Suspense account. Except as specifically admitted, the allegations in Paragraph 61 are denied.

62. Ocwen lacks knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 62 and, therefore, denies the same.

63. Ocwen denies the allegations in Paragraph 63.

64. Ocwen admits the foreclosure sale occurred in January 2017. Except as specifically admitted, the allegations in Paragraph 64 are denied.

65. Ocwen denies the allegations in Paragraph 65.

66. Ocwen admits that it sent a payoff quote to the Plaintiff on July 14, 2015. Ocwen states the payoff quote speaks for itself and denies any inconsistent characterization of the payoff quote. Except as specifically admitted, the allegations in Paragraph 66 are denied.

67. Ocwen admits that it sent a payoff quote to the Plaintiff on July 14, 2015. Ocwen states the payoff quote speaks for itself and denies any inconsistent characterization of the payoff quote. Except as specifically admitted, the allegations in Paragraph 67 are denied.

68. Ocwen admits it received a check from Plaintiff on July 24, 2015. Except as specifically admitted, the allegations in Paragraph 68 are denied.

69. Ocwen denies that it received the $13,246.99 check on July 17, 2015.

70. Ocwen states the check speaks for itself and denies any inconsistent characterization of the check.

71. Ocwen denies the allegations in Paragraph 71.

72. Ocwen denies the allegations in Paragraph 72.

73. Ocwen denies the allegations in Paragraph 73.

74. Ocwen denies the allegations in Paragraph 74.

75. Ocwen denies the allegations in Paragraph 75.

76. Ocwen denies the allegations in Paragraph 76.

77. Ocwen admits that the foreclosure sale occurred in January 2017. Except as specifically admitted, the allegations in Paragraph 77 are denied.

78. Ocwen denies the allegations in Paragraph 78.

79. The allegations in Paragraph 79 are not directed at Ocwen and accordingly, no response is required. To the extent a response is required, the allegations are denied.

80. Ocwen denies the allegations in Paragraph 80.

## SECOND CLAIM – CONVERSION

81. Ocwen incorporates by reference its responses to the preceding paragraphs of the Complaint.

82. The allegations in Paragraph 82 constitute a citation to legal authority to which no response is required.

83. Ocwen denies the allegations in Paragraph 83.

84. Ocwen denies the allegations in Paragraph 84.

85. Ocwen denies the allegations in Paragraph 85.

86. Ocwen lacks sufficient information to admit or deny the allegations in Paragraph 86 and, therefore, denies the same.

87. Ocwen denies the allegations in Paragraph 87.

88. Ocwen denies the allegations in Paragraph 88.

89. The allegations in Paragraph 89 are not directed at Ocwen and accordingly, no response is required. To the extent a response is required, the allegations are denied

90. Ocwen denies the allegations in Paragraph 90.

## THIRD CLAIMS – TRESPASS

91. Ocwen incorporates by reference its responses to the preceding paragraphs of the Complaint.

92. Ocwen denies the allegations in Paragraph 92.

93. Ocwen denies the allegations in Paragraph 93.

94. Ocwen denies the allegations in Paragraph 94.

95. The allegations in Paragraph 95 are not directed at Ocwen and accordingly, no response is required. To the extent a response is required, the allegations are denied

96. Ocwen denies the allegations in Paragraph 96.

## FOURTH CLAIM – WRONGFUL FORECLOSURE

97. Ocwen incorporates by reference its responses to the preceding paragraphs of the Complaint.

98. The allegations in Paragraph 98 constitute a citation to legal authority to which no response is required.

99. Ocwen denies the allegations in Paragraph 99.

100. In response to Paragraph 100, Ocwen states the foreclosure occurred in January of 2017. Except as specifically admitted, the allegations in Paragraph 100 are denied.

101. Ocwen denies the allegations in Paragraph 101.

102. Ocwen denies the allegations in Paragraph 102.

103. The allegations in Paragraph 103 are not directed at Ocwen and accordingly, no response is required. To the extent a response is required, the allegations are denied

104. Ocwen denies the allegations in Paragraph 104.

## FIFTH CLAIM – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

105. Ocwen incorporates by reference its responses to the preceding paragraphs of the Complaint.

106. The allegations in Paragraph 106 constitute a citation to legal authority to which no response is required.

107. Ocwen denies the allegations in Paragraph 107.

108. Ocwen denies the allegations in Paragraph 108.

109. Ocwen denies the allegations in Paragraph 109.

110. The allegations in Paragraph 110 are not directed at Ocwen and accordingly, no response is required. To the extent a response is required, the allegations are denied

111. Ocwen denies the allegations in Paragraph 111.

## SIXTH CLAIM – MISREPRESENTATION

112. Ocwen incorporates by reference its responses to the preceding paragraphs of the Complaint.

113. The allegations in Paragraph 113 constitute a citation to legal authority to which no response is required.

114. Ocwen denies the allegations in Paragraph 114.

115. Ocwen lacks sufficient information to admit or deny the allegations in Paragraph 115 regarding Plaintiff's alleged reliance and, therefore, denies the same. The remaining allegations in Paragraph 115 are denied.

116. Ocwen denies the allegations in Paragraph 116.

117. Ocwen denies the allegations in Paragraph 117.

118. Ocwen denies the allegations in Paragraph 118.

119. The allegations in Paragraph 119 are not directed at Ocwen and accordingly, no response is required. To the extent a response is required, the allegations are denied

120. Ocwen denies the allegations in Paragraph 120.

## SEVENTH CLAIM – VIOLATIONS OF THE TRUTH IN LENDING ACT AND REGULATION Z

121. Ocwen incorporates by reference its responses to the preceding paragraphs of the Complaint.

122. Ocwen denies the allegations in Paragraph 122.

123. In response to Paragraph 123, Ocwen states Ocwen was the loan servicer. Except as specifically admitted, the allegations in Paragraph 123 are denied.

124. The allegations in Paragraph 124 constitute a citation to legal authority to which no response is required.

125. Ocwen admits it received a check in the amount of $13,246.99 in July 2015. Except as specifically admitted, the remaining allegations in Paragraph 125 are denied.

126. Ocwen denies the allegations in Paragraph 126.

127. Ocwen denies the allegations in Paragraph 127.

128. Ocwen denies the allegations in Paragraph 128.

129. Ocwen denies the allegations in Paragraph 129.

130. The allegations in Paragraph 130 constitute a citation to legal authority to which no response is required.

131. The allegations in Paragraph 131 are not directed at Ocwen and accordingly, no response is required. To the extent a response is required, the allegations are denied

132. Ocwen denies the allegations in Paragraph 132.

133. Ocwen denies the allegations in Paragraph 133.

### EIGHTH CLAIM – UNJUST ENRICHMENT

134. Ocwen incorporates by reference its responses to the preceding paragraphs of the Complaint.

135. Ocwen denies the allegations in Paragraph 135.

136. Ocwen denies the allegations in Paragraph 136.

### NINTH CLAIM – BREACH OF CONTRACT

137. Ocwen incorporates by reference its responses to the preceding paragraphs of the Complaint.

138. The allegations in Paragraph 138 constitute a citation to legal authority to which no response is required.

139. The allegations in Paragraph 139 constitute a legal conclusion to which no response is required.

140. The allegations in Paragraph 140 constitute a legal conclusion to which no response is required.

141. Ocwen denies the allegations in Paragraph 141.

142. Ocwen denies the allegations in Paragraph 142.

143. Ocwen denies the allegations in Paragraph 143.

144. Ocwen denies the allegations in Paragraph 144.

145. Ocwen denies each and every allegation in the Complaint that is not expressly admitted above.

## DEMAND OF TRIAL BY JURY

Plaintiff's request for a jury does not require a response from Ocwen.

## PRAYER FOR RELIEF

1. Paragraph 1 constitutes a prayer for relief to which no response is required. Ocwen denies that Plaintiff is entitled to the relief requested, including, without limitation, the relief requested in Paragraph 1.

2. Paragraph 2 constitutes a prayer for relief to which no response is required. Ocwen denies that Plaintiff is entitled to the relief requested, including, without limitation, the relief requested in Paragraph 2.

3. Paragraph 3 constitutes a prayer for relief to which no response is required. Ocwen denies that Plaintiff is entitled to the relief requested, including, without limitation, the relief requested in Paragraph 3.

4. Paragraph 4 constitutes a prayer for relief to which no response is required. Ocwen denies that Plaintiff is entitled to the relief requested, including, without limitation, the relief requested in Paragraph 5.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted against Ocwen.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she failed to pay the amounts owed under the Note associated with the property or otherwise breached the terms of the contract.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, under the applicable statute of limitations and/or the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the terms of the Note and Deed of Trust.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims might be barred, in whole or in part, by the statute of frauds.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate any damages allegedly sustained. As such, any damages actually sustained by Plaintiff should be reduced proportionally for the failure to mitigate such losses.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has suffered any damages, such damages were caused by, and are the responsibility of persons, parties, and/or entities other than Ocwen.

## EIGHTH AFFIRMATIVE DEFENSE

Ocwen denies that it is guilty of any conduct entitling Plaintiff to recover punitive damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering punitive damages in excess of those limits established by applicable statutes and case law.

## TENTH AFFIRMATIVE DEFENSE

The proper venue for this matter is the Western District of Tennessee.

## ELEVENTH AFFIRMATIVE DEFENSE

Ocwen expressly reserves the right to assert such other and further affirmative and additional defenses as may be established during discovery and investigation and by the evidence in this case.

/s/ TIMOTHY A. ANDREU
Timothy A. Andreu
Florida Bar No. 443778
tandreu@glennrasmussen.com
E. Tyler Samsing
Florida Bar No. 28380
tsamsing@bradley.com
**Bradley Arant Boult Cummings LLP**
100 N. Tampa Street, Suite 2200
Tampa, Florida 33602
Phone: (813) 559-5500 | Fax: (813) 229-5946
*Attorneys for Ocwen Loan Servicing, LLC*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will electronically forward copies to counsel of record, Brian W. Chaiken, bchaiken@aclaw-firm.com, and Robert A. Bernstein, rbernstein@aclaw-firm.com, Annesser & Chaiken, PLLC, 2525 Ponce DeLeon Boulevard, Suite 625, Coral Gables, FL 33134, and Charles A. Gower, charlie@cagower.com, and Shaun P. O'Hara, shaun@cagower.com, Charles A. Gower, P.C., 1425 Wynton Road, Columbus, GA 31906, this 18th day of May, 2017.

                                          /s/ TIMOTHY A. ANDREU
                                          Attorney