UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80525-cv-MARRA/MATTHEWMAN

JENNIFER FORD HERNANDEZ,

      Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC and
U.S. BANK NATIONAL ASSOCIATION,
as trustee for GSMPS 2005-RP3

      Defendants.
_____/



FILED by \_\_\_\_ D.C.

MAY 21 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## <u>ORDER DENYING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM NON-PARTY TENNESSEE DEPARTMENT OF CHILDREN SERVICES [DE 44]</u>

**THIS CAUSE** is before the Court upon Defendants', Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank National Association, as Trustee, successor-in-interest to Wachovia Bank National Association, as Trustee for GSMPS Mortgage Loan Trust 2005-RP3, Mortgage Pass-through Certificates, Series 2005- RP3 (the "Trustee") (collectively, "Defendants") Motion to Compel Production of Documents from Non-Party Tennessee Department of Children Services [DE 44]. This matter was referred to the undersigned upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 28. Non-Party Tennessee Department of Children's Services ("DCS") filed a Response to the Motion [DE 63] and Defendants filed a Reply. [DE 64]. The Court held a hearing on the Motion on May 15, 2018. The matter is now ripe for review.

    **I.**      **<u>BACKGROUND</u>**

Plaintiff, Jennifer Ford Hernandez, has asserted claims for fraud, conversion, trespass, wrongful foreclosure, intentional infliction of emotional distress, misrepresentation, violation of

the Truth in Lending Act and Regulation Z, unjust enrichment, and breach of contract against Defendants because Defendants allegedly wrongfully foreclosed on Plaintiff's home. [DE 1]. During Ms. Hernandez' deposition, Ms. Hernandez alleged that the actions of Defendants in improperly foreclosing on her home caused Ms. Hernandez to lose her home and subsequently lose custody of her grandchildren. Defendants then issued a subpoena to the Tennessee Department of Children's Services ("DCS"), seeking the following documents:

> "Any and all documents relating to the custody of B.A.L. (DOB redacted) and A.L or any other children of M.L.L. in custody of the Department of Children's Services. Any and all records related to Jennifer Ford Hernandez's custody of any grandchildren and/or foster care."[1]

[DE 44-1, pg. 2]. DCS objected to Defendants' request as the "Department's interest in protecting confidential documents relating to children outweighs the stated need for the documents by the defendants." [DE 44-3, pg. 2].

Defendants filed their Motion to Compel Production of Documents from DCS on April 27, 2018. [DE 44]. In their Motion, Defendants seek all DCS documents concerning when the state took custody of Plaintiff's grandchildren, when Plaintiff took custody of her grandchildren, the reasons her grandchildren were in the custody of the state and then in the custody of Plaintiff, and why Plaintiff's custody of her grandchildren was terminated. [DE 44, pg. 2]. Defendants argue that the DCS records are relevant in order to defend against Plaintiff's claim that "Ocwen took away her ability to care for and maintain custody of her grandchildren." [DE 44, pg. 3]. Defendants argue that a specific exception delineated in Tennessee Code Annotated § 37-5-107(c)(2) permits disclosure in this case.

In DCS's Response [DE 63], DCS first argues that this Court lacks jurisdiction to enforce this subpoena pursuant to Federal Rule of Civil Procedure 45, which states that a subpoena "may

---

[1] The Court has redacted the names of the minors and date of birth, due to privacy concerns.

command...production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). DCS argues that because Defendants' subpoena required compliance electronically or in Memphis, Tennessee, any disputes regarding the subpoena are proper in "the court where compliance is required," that is, the United States District Court for the Western District of Tennessee. [DE 63, pg. 3].

DCS also argues that the requested records are confidential under Tennessee state law, which is controlling in a diversity action, and that DCS has a compelling interest in protecting the confidentiality of its documents. *Id*. DCS rejects Defendants' proposal to narrow the requests by omitting any "documentation related to any details of reports of harm" from the documents. DCS stated that narrowing the request was a "distinction without a difference," because the reports would necessarily contain details of reports of harm by the very nature of the reports. [DE 63, pg. 4]. DCS also argues that the specific exception relied upon by Defendants only applies in a court exercising criminal law jurisdiction. [DE 63, pg. 6]. DCS argues that its records are "sacrosanct" and that there is strong public policy protecting the confidentiality of the records of the children in DCS's care. Therefore, Defendants' need for the records to defend themselves in a civil lawsuit does not outweigh DCS's interest in protecting the welfare of the children in its custody. [DE 63, pg. 4, 7].

Defendants filed a Reply [DE 64] on May 14, 2018, in which they argue that this Court has jurisdiction to adjudicate Defendants' Motion to Compel due to the exceptional circumstances in this case, pursuant to Federal Rule of Civil Procedure 45(c). [DE 64, pg. 1]. Defendants argue that they have a "legitimate interest" in the requested records because they have narrowly tailored the request to defend against Plaintiff's claims that she lost custody of her

3

grandchildren due to Defendants' actions. [DE 64, pg. 2].

## II. ANALYSIS

### a. Jurisdiction

Federal Rule of Civil Procedure 45 requires subpoena-related motions to be filed in the district court where compliance with the subpoena is required. Fed. R. Civ. P. 45(c), (d)(2)(B)(i), and (d)(3)(A); *The Dispatch Printing Co. v. Zuckerman*, No. 16-CV-80037-Bloom/Valle, 2016 WL 335753, at *2 (S.D. Fla. Jan. 27, 2016) (citing *Morrissey v. Subaru of America, Inc.*, 2015 WL 9583278, at *3 (S.D. Fla. Dec. 31, 2015). However, Rule 45 allows the court to transfer a subpoena-related motion to the issuing court for adjudication "if the court finds exceptional circumstances." Fed. R. Civ. P. 45(c); *Zuckerman*, WL 335753, at *2. Although Rule 45(f) does not explain what qualifies as an exceptional circumstance, the Advisory Committee Notes to the 2013 amendments provide two examples of situations in which transfer due to exceptional circumstances is appropriate: (1) when the issuing court has already ruled on issues presented by the motion, and (2) when the same discovery issues are likely to arise in many districts. *Zuckerman*, WL 335753, at *2; *See Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014) ("Specifically, the authority to transfer subpoena-related motions under Rule 45(f) broadly applies to all motions under this rule, including motions for a privilege determination.") (quotation marks omitted).

When determining whether a motion should be transferred from the compliance court to the issuing court, a court should look to a "variety of factors to determine if the judge from the issuing court is in a better position to rule on the motion due to her familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *Zuckerman*, WL 335753, at *2 (citing *In re UBS Financial Services, Inc.*

*Securities Litigation*, 2015 WL 4148857, at *1 (D.D.C. July 9, 2015) (quoting *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 47 (D.D.C. 2014) (internal quotations omitted))). "These factors include the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Id.* (citing *Judicial Watch*, 307 F.R.D. at 34; see *XY, LLC v. Trans Ova Genetics, L.C.*, 2014 WL 4437728, at *1-2 (D.D.C. Sept. 10, 2014) (finding exceptional circumstances where issuing court "has already supervised substantial discovery and begun preparations for trial")); *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 n. 6 (D.D.C. May 30, 2014) (transferring subpoena-related motions in "highly complex" litigation where issuing court "is in better position to rule...due to her familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation" and to further "the interest in obtaining consistent rulings on the issues presented"). "In addition, the Court should consider whether requiring the local nonparty to litigate subpoena-related motions in the issuing court would present an undue burden or cost." *Judicial Watch*, 307 F.R.D. at 34 (citing *XY, LLC v. Trans Ova Genetics, L.C.*, 307 F.R.D. 10, 12 (D.D.C. Sept. 10, 2014) (transferring subpoena-related motion where local party was national corporation "and thus the presumption of local resolution carried less force")).

DCS contends that Defendants should have initially filed this Motion to Compel in the Western District of Tennessee, because the subpoena, issued by the Southern District of Florida, directed DCS to produce documents to Alpha Reporting in Memphis, Tennessee, and therefore the compliance court is in the Western District of Tennessee. Defendants argue that because compliance courts routinely transfer motions directing toward subpoenas back to the issuing

5

court, it would be an unnecessary expenditure of judicial resources to require this issue to be re-litigated in the compliance court, and possibly be re-transferred back to the issuing court.

Here, DCS has already filed a motion to appear *pro hac vice* in this case [DE 54], which motion has been granted by the Court [DE 56]. DCS moved to appear telephonically at the hearing held on this Motion on May 15, 2018 [DE 55], which motion was granted by the Court without requiring the presence of local counsel [DE 61]. DCS has filed a substantive Response to the Motion [DE 63]. This Court has now held a hearing on this Motion [DE 66] at which DCS's counsel appeared telephonically and argued DCS's position. Accordingly, the Motion is ripe for review. Further, this Court has already handled several discovery issues in this case and is therefore familiar with the full scope of issues involved in this case. *See* DE 35, DE 40, DE 67. Similarly, this Court has received all briefings regarding this Motion to Compel and is well versed in the instant dispute. It would unnecessarily burden the federal court in the Western District of Tennessee and waste judicial resources to require Defendants to file their Motion in that district. The Court also notes that there has been no significant burden on DCS to litigate here in the Southern District of Florida as it was permitted to appear by phone at the May 15, 2018 hearing without the presence of local counsel. The Federal Rules clearly contemplate that under "extraordinary circumstances" transfer of a subpoena to the issuing court is appropriate, and the circumstances presently before the Court constitute those "extraordinary circumstances." DCS has had a full and fair opportunity to respond and state its position in an economical and expeditious process before this Court. The purposes of Rule 45's protections have been afforded to DCS and it would unnecessarily place form over substance to send the matter to the Western District of Tennessee. Accordingly, this Court has jurisdiction to adjudicate Defendants' Motion to Compel.

### b. Whether the Records Sought from DCS Should be Ordered Produced

The Court first notes that because this is a federal diversity action, state law governs the privileged nature of the materials sought in the subpoena to DCS. *In re Fink,* 876 F.2d 84, 85 (11th Cir. 1989). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case, and that relevant information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). It appears that DCS records pertaining to the removal of Plaintiff's grandchildren are arguably relevant under Rule 26(b)(1) to Defendants' efforts to defend against Plaintiff's claim that she lost custody of her grandchildren due to Defendants' actions. However, Tennessee Code Annotated § 37–1–409(b), which pertains to reports and investigations of child abuse or neglect, provides as follows:

> (b) Except as otherwise provided in this part, it is unlawful for any person, except for purposes directly connected with the administration of this part, to disclose, receive, make use of, authorize or knowingly permit, participate in, or acquiesce in the use of any list or the name of, or any information concerning, persons receiving services pursuant to this part, or any information concerning a report or investigation of a report of harm under this part, directly or indirectly derived from the records, papers, files or communications of the department [DCS] or divisions thereof acquired in the course of the performance of official duties.

In addition, subsection (d) of the same section states as follows:

> (d) The department may confirm whether a child abuse or neglect investigation has been commenced, but may not divulge, except as permitted under this part, any details about the case, including, but not limited to, the name of the reporter, the alleged victim, or the alleged perpetrator.

Several courts in Tennessee have considered whether the Tennessee confidentiality provisions protect information that otherwise would be discoverable under provisions of the Federal Rules of Civil Procedure. *See Farley v. Farley,* 952 F.Supp. 1232 (M.D.Tenn.1997);

7

*Grummons v. Williamson Cty. Bd. of Educ.*, No. 3:13-1076, 2014 WL 1491092 (M.D. Tenn. Apr. 15, 2014). The *Farley* court involved an action alleging a violation of constitutional rights by an employee or agent of a governmental agency. *Farley,* 952 F. Supp at 1235. The court found that the state of Tennessee has a "particularly strong public policy interest which justifies withholding child abuse reports and related information, including protecting the privacy of families afflicted by child abuse and protecting the identities of individuals who report child abuse," and therefore disclosure of this confidential material "must strike a balance between Plaintiff's ability to prosecute her civil rights claim and the state's interest in ensuring that child abuse is reported, investigated, and resolved without undue fear of retribution or recrimination." *Mills v. Barnard,* No. 1:14-CV-150, 2016 WL 4466630, at *3 (M.D. Tenn. Aug. 24, 2016) (quoting *Farley,* 952 F. Supp at 1236).

Tennessee Courts have adopted a deferential standard in analyzing and balancing the competing state and federal interests and have often found that disclosure was appropriate in federal civil rights actions. *See Lopez v. Metro. Gov't of Nashville & Davidson Cty.*, 594 F. Supp. 2d 862, 867 (M.D. Tenn. 2009) (allowing the United States Department of Justice access to police records relating to complaints or investigations of alleged sexual misconduct, harassment, or assault occurring on school buses transporting students to city schools to determine the extent to which city's policies and practices fostered an environment conducive to sexual harassment in contravention of Title IX); *Mills v. Barnard,* No. 1:14-CV-150, 2016 WL 4466630, at *4 (allowing disclosure of DCS records where plaintiff alleged "serious breaches of his civil rights by state actors leading to his wrongful incarceration for eleven years and registration as a sex offender for several years"); *Grummons*, No. 3:13–1076, 2014 WL 1491092, at *3 (allowing disclosure of confidential DCS records where plaintiffs alleged retaliation by defendant under the

Americans with Disabilities Act and a violation of the First Amendment of the United States Constitution, pursuant to 42 U.S.C. § 1983).

The Court notes that the instant case arises under diversity jurisdiction and does not implicate any violation of constitutional or civil rights, but instead involves Defendants' possible defense against Plaintiff's claim for Intentional Infliction of Emotional Distress. [DE 1]. The Court finds that DCS and the State of Tennessee's interests in protecting the privacy of victims of child abuse and their families, protecting the identities of individuals who report child abuse, and protecting the integrity of the state process, are paramount to Defendants' need for the information contained in the DCS records pertaining to Plaintiff's grandchildren. Even a limited subpoena would improperly invade these important state interests. The Court has conducted a balancing test and finds that the interests of DCS and of the children it protects outweigh any interest of Defendants obtaining the documents subpoenaed from DCS. The tort claim in this case does not give rise to the compelling federal interests implicated by constitutional claims under 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990, or Title IX. DCS has satisfied its burden to demonstrate that disclosure of the records would be substantially harmful by violating the privacy of Plaintiff's grandchildren, the alleged victims of child abuse, and by revealing the identity of the individual who reported the child abuse. Therefore, DCS shall not be compelled to comply with the subpoena.

### III. <u>CONCLUSION</u>

In light of the foregoing, it is **ORDERED** that Defendants' Motion to Compel Production of Documents from Non-Party Tennessee Department of Children Services [DE 44] is **DENIED.**

9

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 21st day of May, 2018.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE