UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80525-CIV-MARRA/MATTHEWMAN

JENNIFER FORD HERNANDEZ,

    Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC and
U.S. BANK NATIONAL ASSOCIATION,
as trustee for GSMPS 2005-RP3,

    Defendant.

_____/

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF OR REFERENCES TO THE CFPB LAWSUIT
AND ANY OTHER CLAIMS, LAWSUITS, GOVERNMENT
INVESTIGATIONS, OR CONSENT ORDERS INVOLVING DEFENDANTS**

    Defendants, Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank National Association, as Trustee, successor-in-interest to Wachovia Bank National Association, as Trustee for GSMPS Mortgage Loan Trust 2005-RP3, Mortgage Pass-through Certificates, Series 2005-RP3 (the "Trustee") (collectively, "Defendants"), through counsel and pursuant Federal Rules of Evidence 401, 402, 403, 404, 801, and 802, move this Court to exclude at trial evidence of, or any references[1] to: (1) the 2017 lawsuit filed against Ocwen by the Consumer Financial Protection Bureau (the "CFPB Lawsuit"); and (2) any other claims, lawsuits,[2] government investigations and actions, and/or Consent Orders, that were brought against either Defendant (collectively, "Other Actions"). The grounds upon which this Motion in Limine is based are set forth below in the supporting memorandum of law.

---

[1] This includes, without limitation, references in opening statement, *voir dire*, witness testimony, exhibits, demonstratives, closing argument, or otherwise.

[2] The reference to other lawsuits specifically includes that brought by Plaintiff's lawyers in *McGinnis v. Am. Hoime Mortg. Servicing, Inc*, No. 5:11-CV-284 (CAR) (M.D. Ga.).

**I.      INTRODUCTION**

Here, evidence regarding the CFPB Lawsuit and Other Actions is clearly inadmissible because it is: (1) hearsay; (2) wholly irrelevant; and (3) even if relevant, its highly prejudicial effect clearly outweighs the probative value because it insinuates that Defendants are guilty of bad acts that are collateral to the specific claims pressed by Plaintiff.

This case arises from Defendants' allegedly wrongful foreclosure of residential property located at 165 Nelson Drive, Brighton, Tennessee 38011 (the "Property").  Essentially, Plaintiff asserts that: (1) she owned the Property; (2) Defendants misapplied Plaintiff's check to pay off the mortgage on the Property; and (3) Defendants wrongfully foreclosed on the Property, and Plaintiff suffered damages as a result.  Among other things, Plaintiff's Complaint contains causes of action for fraud and misrepresentation.  (Dkt. 1 at 6-8, 11-12).

On June 1, 2018, Defendants filed a Motion for Summary Judgment and Memorandum of Law in Support, together with a Statement of Undisputed Material Facts.  (Dkt. 71, 72).  In pertinent part, Defendants argued that Plaintiff's fraud and misrepresentation claims were unsustainable under Tennessee law because Plaintiff could not meet her burden in demonstrating that Defendants made a false statement, let alone, a false statement that was made knowingly, without belief in its truth, or recklessly without regard to its truth or falsity. (Dkt. 72 at 10-15).

In her Opposition to Defendants' Motion for Summary Judgment, Plaintiff asserted that her causes of action were supported, in part, by the claims made against Ocwen in the CFPB Lawsuit and documents and testimony allegedly revealed through CFPB's underlying investigation.  (Dkt. 78 at 15-16); *see also* (Dkt. 77 at 36-37).  Specifically, Plaintiff claimed that "[t]o further support [her] claims that [her] loan was handled recklessly, in April 2017, the Consumer Financial Protection Bureau (CFPB) filed a lawsuit against Ocwen alleging, among other things, that Ocwen 'has often input inaccurate and incomplete information, or failed to input accurate or complete information, about borrowers' loans into its REALServicing system.' Defendants used the REALServicing system to servic[e] [Plaintiff's] loan."  (Dkt. 77 at 15). Moreover, on her Exhibit List, Plaintiff lists the complaint filed against Ocwen in the CFPB Lawsuit as an exhibit that she intends to introduce at trial.  (Dkt. 94 Sch. B at 12; Dkt. 109).

2

Based on the above, Defendants anticipate that, either during opening statement, by way of reference during witness examination, or in closing argument Plaintiff may attempt to introduce evidence pertaining to the CFPB Lawsuit as well as evidence of Other Actions brought against the Defendants. Absent an order in this case excluding the CFPB Lawsuit and Other Actions, damaging evidence will be introduced which will irretrievably affect the fairness of trial.

## II.  MEMORANDUM OF LAW

"A Motion In Limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial . . . ." *Stewart v. Hooters of Am., Inc.*, No. 804-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Id.*; *see also Morejon v. Louisville Ladder, Inc.*, No. 17-22558-CIV-O'SULLIVAN, 2018 WL 1505562, at *2 (S.D. Fla. Mar. 27, 2018). A court has the power to exclude evidence in limine when, as here, it is clearly inadmissible. *Id*.

### A.  Evidence Concerning the CFPB Lawsuit and Other Actions are Hearsay.

As a critical and dispositive first hurdle, evidence concerning the CFPB Lawsuit and Other Actions are inadmissible hearsay. "'Hearsay' means a statement that . . . the declarant does not make while testifying at the current trial or hearing; and . . . a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is not admissible unless allowed by federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 802.

In applying these rules, courts have consistently held that allegations in a pleading from a collateral matter are hearsay and cannot be introduced for their truth against the non-pleader. *Steed v. Everhome Mortg. Co.*, 308 F. App'x 364, 369 n.2 (11th Cir. 2009) (allegations in collateral complaint were "hearsay because the existence of the complaint would not show targeting unless its allegations were taken as true, and, therefore, the district court could not have considered it."); *T.I. Const. Co., Inc. v. Kiewit Eastern Co.*, 1992 WL 382306, at *4 (E.D. Pa. Dec. 10, 1992) ("Complaints, and the charges and allegations they contain, are hearsay under the Federal Rules of Evidence.") (citing *Century '21' Shows v. Owens*, 400 F.2d 603, 609-10 (8th Cir. 1968) (petitions in other cases "are clearly hearsay and of no probative value against [plaintiff]")).

3

No different result should be reached here.  To the extent that Plaintiff attempts to introduce documents filed in the CFPB Lawsuit or Other Actions, including statements made by various individuals in these actions, these statements and documents must be excluded because this evidence is out-of-court statements made by multiple declarants, offered to prove the truth of the matters asserted within the documents.  As hearsay documents and statements, they must be excluded because they do not fall under any recognized exceptions to the hearsay rule.  Therefore, Plaintiff should be precluded from introducing evidence of, or making references to, the CFPB Lawsuit and Other Actions at trial.

### B. Evidence Of, and References To, The CFPB Lawsuit and Other Actions Should Be Barred on Relevance Grounds.

Even if Plaintiff could somehow overcome the hearsay obstacle, evidence of, or references to, the CFPB Lawsuit and Other Actions should be excluded on relevance grounds.  Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Irrelevant evidence is not admissible.  Fed. R. Evid. 402.

The CFPB Lawsuit and Other Actions have no relevance whatsoever to this case.  Here, Plaintiffs' claims are centered on whether Defendants (1) misapplied Plaintiff's check to pay off the mortgage on the Property, i.e. placing into a hazard suspense account rather than to payoff the loan and (2) wrongfully foreclosed on the Property and caused damages to Plaintiff as a result.  The mere fact that the CFPB Lawsuit or Other Actions were filed against the Defendants does not make these matters relevant to this action.  Indeed, neither the CFPB Lawsuit or any Other Action are probative of whether Defendants properly applied Plaintiff's check or wrongfully foreclosed on the Property.

Courts have consistently excluded evidence regarding the existence of other lawsuits or actions filed against defendants on the basis that this information is irrelevant.  *See Palmer v. Bd. Regents at Univ. Sys. of Ga.*, 208 F.3d 969, 973 (11th Cir. 2000) ("[W]e do not find any merit to [plaintiff's] argument that the district court abused its discretion in excluding evidence of the existence of the other lawsuits against the [defendant]."); *Khan v. H & R Block E. Enter., Inc.*, No. 11-20217-CIV, 2011 WL 4715201, at *1 (S.D. Fla. Oct. 5, 2011) (granting a motion in limine

4

finding that "Plaintiff may not introduce any evidence, statement, or argument of any other claims, lawsuits or investigations, or making reference to, other wage and hour lawsuits brought against [defendant]. Such evidence has no likelihood of proving any material facts relevant to Plaintiff's claims. . . ."); *Affiliati Network, Inc. v. Wanamaker*, No.: 1:16-cv-24097-UU, 2017 WL 8784853, at *5 (S.D. Fla. Aug. 23, 2017) ("[T]he Court will not permit [defendants] to introduce any evidence concerning the existence of other lawsuits—either initiated by [plaintiff] or brought against [plaintiff]—especially in light of well-settled case law holding that 'evidence of other lawsuits is not normally . . . permitted' in jury trials") (quoting *Rushing v. Wells Fargo Bank, N.A.*, No.8:10-cv-1572-T-24-AEP, 2012 WL 3155790, at *1 (M.D. Fla. Aug. 3, 2012)); *Energy Smart Industry, LLC v. Morning View Hotels-Beverly Hills, LLC*, No. 14-cv-23284-UU, 2015 WL 11233085, at *1 (S.D. Fla. June 4, 2015) (granting motion in limine concerning "evidence of Plaintiff's other lawsuits" under Rule 402); *Ward v. Estaleiro Itajai S/A*, No. 05-61821-CIV, 2008 WL 1749475, at *2 (S.D. Fla. Apr. 10, 2008) (same).

Here, there is no factual basis to determine that any connection exists between the CFPB Lawsuit or Other Actions on the one hand, and Plaintiff's claims on the other. Consequently, these matters should also be excluded as irrelevant.

        **C.**      **Even If Relevant, The Prejudicial Effect of the CFPB Lawsuit and Other Actions Clearly Outweigh Their Probative Value.**

Relevant evidence may be excluded under Rule 403 if the Court finds that "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, any relevance of the CFPB Lawsuit or Other Actions, however tenuous, would be would far outweighed by (i) unfair prejudice to Defendants; and (ii) misuse of the Court's time.

Allowing Plaintiff to interject evidence concerning the CFPB Lawsuit or Other Actions into this proceeding would serve no purpose other than to create unfair prejudice, mislead the jury, and confuse the issues. The existence of the CFPB Lawsuit and Other Actions could easily lead the jury to think poorly of Ocwen's servicing practices based upon allegations with no connection to this case. Indeed, it is for these reasons that evidence of previous litigation involving the parties

is routinely excluded under Rule 403. *See Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 745 F. Supp. 2d 1380, 1385 (S.D. Fla. 2010) (barring evidence of collateral matters and concluding "any probative value for Plaintiff would inevitably be substantially outweighed by the prejudice Defendant would face."); *see also Lanham v. Whitfield*, 805 F.2d 970, 972 (11th Cir. 1986) (no error in excluding evidence of litigation between defendant and non-party on the basis that the prejudicial effect of the evidence outweighed its probative value); *Arlio v. Lively*, 474 F.3d 46, 53 (2d. Cir. 2007) ("[C]ourts are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one or both of the same parties.") (quotations omitted); *see generally Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 840-41 (11th Cir. 2008) (questioning probative value of evidence of prior lawsuits).

Beyond prejudicial effect, the Court would be forced to allocate substantial trial time to Ocwen's defenses in the CFPB Lawsuit and Other Actions—creating a trial within a trial, and a diversion from the matters genuinely at issue here. *See Royal Bahamian Ass'n, Inc.*, 745 F. Supp. 2d at 1384-85 ("[T]here is also a real danger that if the Court were to allow Plaintiff free rein to inquire about prior claims or defenses, Defendant would be forced to retry all of these other claims in an effort to show why the facts in those particular cases supported Defendant's particular positions. . . ." If that occurred, "then any probative value for Plaintiff would inevitably substantially outweighed by the prejudice Defendant would face."); *see also Arlio*, 474 F.3d at 53 ("Admitting evidence about previous cases 'inevitably results in trying those cases . . . before the jury,' and 'the merits of the . . . other cases would become inextricably intertwined with the case at bar.'") (quoting *Kinan v. City of Brockton*, 876 F.2d 1029, 1034 (1st Cir. 1989)). Thus, evidence of, and reference to, the CFPB Lawsuit and Other Actions should be excluded for this additional reason.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an order *in limine*:

> 1. excluding any testimony or evidence related to the CFPB Lawsuit and any other claims, lawsuits, government investigations and actions, or Consent Orders, brought against the Defendants;

6

2. instructing Plaintiff's counsel not to mention, refer to, or bring before the jury, directly or indirectly, either during *voir dire*, opening statement, witness examination, closing argument, or in any other manner, the CFPB Lawsuit or Other Actions brought against the Defendants; and

3. granting any additional or other relief the Court deems just and proper.

Respectfully submitted,

Dated: November 23, 2018.

**GREENBERG TRAURIG, P.A.**

/s/ *Jason H. Okleshen*
Jason H. Okleshen, Esq., FBN 0496170
okleshenj@gtlaw.com
Patrick G. Broderick, Esq., FBN 88568
broderickp@gtlaw.com
Brandon S. Leon, Esq., FBN 091525
leonb@gtlaw.com
777 S. Flagler Drive, Suite 300 East
West Palm Beach, Florida 33401
Telephone: 561-650-7900

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 23, 2018, I electronically filed this motion with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on all counsel of record on the attached service list:

Charles A. Gower, Esq.
Shaun P. O'Hara, Esq.
Charles A. Gower, P.C.
P.O. Box 5509
1425 Wynnton Road
Columbus, GA 31906
*Charles@cagower.com*
*shaun@cagower.com*

Robert Andrew Bernstein, Esq.
Brian W. Chaiken, Esq.
Annesser & Chaiken, PLLC
2525 Ponce De Leon Blvd., Suite 625
Coral Gables, Florida 33134
*rbernstein@aclaw-firm.com*
*bchaiken@aclaw-firm.com*

By: */s/ Jason H. Okleshen*
     Jason H. Okleshen, Esq.