UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80525-CIV-MARRA/MATTHEWMAN

JENNIFER FORD HERNANDEZ,

       Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC and
U.S. BANK NATIONAL ASSOCIATION,
as trustee for GSMPS 2005-RP3,

       Defendant.
_____/

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE THE
USE OF INFLAMMATORY TERMINOLOGY AND IMPROPER
"MAKE A STATEMENT" OR "GOLDEN RULE" ARGUMENTS**

      Defendants, Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank National Association, as Trustee, successor-in-interest to Wachovia Bank National Association, as Trustee for GSMPS Mortgage Loan Trust 2005-RP3, Mortgage Pass-through Certificates, Series 2005-RP3 (the "Trustee") (collectively, "Defendants"), through counsel and pursuant Federal Rule of Evidence 401, 402, and 403 move this Court to exclude from trial the use or reference[1] to: (1) the terms "thief", "stole", "robbed", or other similar pejorative terminology when presenting argument, evidence, or testimony to the jury;[2] (2) a request by Plaintiff that the jury "make a statement", "send a message", or "punish" Defendants with its verdict by finding Defendants liable and awarding damages; or (3) Plaintiff making a "Golden Rule" argument by asking the jurors to place themselves or those associated with them in the shoes of the Plaintiff and to consider how it would feel if they were the Plaintiff. The grounds upon which this Motion in Limine is based are set forth below in the supporting memorandum of law.

---

[1] This includes, without limitation, references in opening statement, *voir dire*, witness testimony, exhibits, demonstratives, closing argument, or otherwise.

[2] This would include such inflammatory rhetoric about Defendants' witnesses. For instance, in their most recent response (Dkt. 105), Plaintiff's counsel's argument includes unfounded, irrelevant, and unduly prejudicial assertions that Defendants witnesses have sold their souls to the company store. (*Id.* at 3).

## I.  INTRODUCTION

Throughout her pleadings and arguments to the Court, Plaintiff, Plaintiff's counsel, and other witnesses—including, but not limited to Plaintiff's husband—have consistently used inflammatory, pejorative terms to refer to Defendants' purported actions.  Both on the record and in her papers, Plaintiff has stated that Defendants "stole" or "robbed" her of personal belongings and home.  *See e.g.*, Dkt. 1 at 9 ("Ocwen and its agents and/or representatives trespassed on [Plaintiff's] Property and stole [her] personal belongings."); Dkt. 77 at 36 ("I feel like they stole my home. I feel like they robbed me. I feel like they've robbed my family."); Dkt. 91 at 1 ("Defendants wrongfully foreclosed and stole Plaintiff's home in January 2017."); Plaintiff's Exhibits 16, 42, 44, 67 (using the terms robbed and stole).

Putting aside the falsity of Plaintiff's accusation, the concept of thievery or robbery has no place in this lawsuit.  Allowing Plaintiff to refer to Defendants as "thieves" or make accusations that Defendants "stole" from or "robbed" her during the course of this trial would be inflammatory, prejudicial, and without any probative value whatsoever.  Defendants anticipate that Plaintiff will attempt to use these words—and/or other similar inflammatory rhetoric—either during opening statement, by way of reference during witness examination, through introduction of certain exhibits, or in closing argument.

Defendants similarly anticipate that Plaintiff, her counsel, or other witnesses may improperly ask the jury to "make a statement" or "punish" the Defendants with its verdict by finding Defendants liable and awarding damages, or make an improper "Golden Rule" argument.  Indeed, Defendants' concern is not unfounded.  For example, in her Opposition to Defendants' Motion for Summary Judgment, Plaintiff made an equivalent argument to this Court by stating: "Rather than do the right thing and accept responsibility for their actions, and after robbing [Plaintiff's] home, her sanity, her possessions, and money, Defendants now seek to rob this case from a jury."  (Dkt. 78 at 3).  Defendants, therefore, believe that Plaintiff may attempt to make comparable arguments to the jury.

Accordingly, for the reasons that follow, Defendants request that this Court enter an Order precluding Plaintiff, her counsel, the introduction of any exhibit, or any other witness from: (1)

using the terms "robbed", "stole", "thief", or other similar pejorative terminology; (2) asking the jury to "make a statement", "send a message", or "punish" the Defendants with its verdict by finding Defendants liable and awarding damages; and (3) making any "Golden Rule" arguments to the jury.

## II.     MEMORANDUM OF LAW

"A Motion In Limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial . . . ." *Stewart v. Hooters of Am., Inc.*, No. 804-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Id.*; *see also Morejon v. Louisville Ladder, Inc.*, No. 17-22558-CIV-O'SULLIVAN, 2018 WL 1505562, at *2 (S.D. Fla. Mar. 27, 2018). A court has the power to exclude evidence in limine when, as here, it is clearly inadmissible. *Id*.

"[A]ll evidence must conform to the requirements of the Federal Rules of Evidence, including Rules 401 and 403." *S.E.C. v. Monterosso*, 746 F. Supp. 2d 1253, 1262 (S.D. Fla. 2010). "Rule 401 defines 'relevant evidence' as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Id*. (quoting Fed. R. Evid. 401). "Only relevant evidence is admissible under Rule 402." *Id.* "Finally, pursuant to Rule 403, '[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Id.* (quoting Fed. R. Evid. 403).

### A.     Plaintiff, Her Counsel, Any Witness, or Any Exhibit Should Be Excluded from Using Inflammatory and Pejorative Terminology at Trial.

Defendants, pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, move this Court for an Order precluding Plaintiff, her counsel, the introduction of any exhibit, and/or any witness, from using pejorative words such as "thief', "stole", "robbed", or other inflammatory terminology at trial.

As a threshold matter, these pejorative phrases are not relevant because they are not factually accurate and, thus, would not have "any tendency to make the existence of any fact that

3

is of consequence to the determination of the action more . . . or less probable." Fed. R. Evid. 401, 402. These terms are simply not evidence, and make no more or less probable the existence of the alleged conduct that Plaintiff claims to have occurred in this matter. These terms, therefore, are not relevant and should be excluded from trial.

However, even if such factually inaccurate terms are somehow relevant, any probative value would be substantially outweighed by the danger of unfair prejudice to Defendants' defense. Inflammatory language creates a danger of "unfair prejudice" by confusing the issues, misleading the jury" and "suggest[ing] [a] decision on an improper basis, commonly, though not necessarily, an emotional one." *See* Advisory Committee Notes to Fed. R. Evid. 403. That is exactly what would occur here. Allowing Plaintiff, Plaintiff's counsel, or a witness to suggest that Defendants have engaged in criminal acts such as thievery and robbery would encourage the jury to decide critical issues in this case on an emotional, but factually inaccurate, basis.

Indeed, Courts frequently preclude the use of such loaded and pejorative terms because of the risk of unfair prejudice. *See e.g.*, *Dawsey v. Carnival Corp.*, No. 16-23939-CIV-GOODMAN, 2018 WL 4854651, at *3 (S.D. Fla. Oct. 5, 2018) (granting a motion in limine and preventing the defendants from "us[ing] the inflammatory word 'fraud' or to call [Plaintiff] a 'fraudster.'"); *Deflecto, LLC v. Dundas Jafine Inc.*, No.13-0116-CV-W-ODS, 2015 WL 9413148, at *1 (W.D. Mo. Dec. 22, 2015) ("[T]he Court finds that all lawyers and witnesses will be precluded from using inflammatory, pejorative, or loaded words such as 'copycat', 'knockoff,' 'ripped off,' and 'stole.'"); *Green v. Mont. Dep't of Pub. Health and Human Servs.*, CV 12-62-H-DLC, 2014 WL 12591834, at *3 (D. Mo. Jan. 3, 2014) (precluding plaintiffs' use of the "loaded term" "financial ruin" without substantiating evidence that it was accurate); *Master-Halco, Inc. v. Scillia, Dowling & Natarelli, LLC*, No.3:09cv1546, 2010 WL 1553784, at *9 (D. Conn. Apr. 19, 2010) (precluding witnesses from using term "loan sharking" because it was "loaded with unflattering connotations that may or may not [have] be[en] fairly applied to the transaction(s) in question" and plaintiff had not established that the term was "either accurate or necessary").

In sum, the terms "thief", "stole", "robbed", or other similar pejorative terminology have an overtly negative connotation and the use of these terms at trial would improperly appeal to the jury's emotions and distract the jury from a proper analysis of the issues.

4

> **B.   Plaintiff Should Be Precluded from Asking the Jury To "Make a Statement", "Send a Message", or "Punish" Defendants.**

Defendants anticipate that Plaintiff, Plaintiff's counsel, or other witnesses might ask the jury to "make a statement", "send a message", or "punish" Defendants with its verdict by finding Defendants liable and awarding damages. Such a plea to the jury, however, is improper because it would suggest to the jurors that they should find the Defendants liable not because the facts establish liability, but instead, to express jurors' own attitudes towards Defendants and the mortgage servicing industry as a whole. As such, these arguments should be excluded.

Courts frequently preclude the use such an argument at trial because of the risk of unfair prejudice. *See Neal v. Toyota Motor Corp.*, 823 F. Supp. 939, 943-44 (N.D. Ga. 1993) (finding improper for plaintiff's counsel to inject a "send a message" argument into his closing argument in a "deliberate attempt[] to appear in the eyes of the jury as the oppressed 'little guy' fighting against a Japanese corporation."); *Smith v. Royal Caribbean Cruises, Ltd.*, No. 13-20697-CIV, 2014 WL 5312534, at *3 (S.D. Fla. Oct. 10, 2014) ("Defendant's Motion in *Limine* to preclude Plaintiff from inflaming the jury or urging the jury to "send a message" is GRANTED."); *Caudle v. District of Columbia*, 707 F.3d 354, 361 (D.C. Cir. 2013) (holding that an improper "send a message" argument to the jury required a new trial); *see also Erie Ins. Co. v. Bushy*, 394 So. 2d 228, 229 (Fla. 5th DCA 1981) (holding that plaintiff's attorney's request of jurors to, "send a message to those people and let them know that they are going to have to pay a penalty," was improper).

The function of the jury is to weigh the evidence and determine the facts at issue. The jury's verdict must be based solely on the evidence presented at trial, and asking the jury to "make a statement", "send a message", or "punish" the Defendants invites jurors to ignore the evidence and, instead, render a verdict based on matters extraneous to the issues in the case. *See e.g.*, *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 277 (5th Cir. 1998) (improper arguments "distract the jury from its sworn duty to reach a fair, honest and just verdict according to the facts and evidence presented at trial. When such arguments are used, as here . . . they carry the potential of substantial injustice.") (internal quotations and citations omitted). Therefore, any arguments by Plaintiff seeking damages or actions by the jury to "punish", "make a statement", "send a

message," or other similar inflammatory rhetoric, are not permissible. This type of evidence and argument would only serve to impermissibly inflame the passions of the jury as it concerns the Defendants and would serve no legitimate purpose as it concerns any claims for which the Defendants could be held liable. Accordingly, these types of arguments should be excluded.

### C. The Court Should Prohibit Any "Golden Rule" Arguments By Plaintiff At Trial.

Defendants, pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, move this Court for an Order precluding Plaintiff from asking the jurors "to place themselves or those associated with them in the shoes of the parties" and "to consider how it would feel if they were the parties." *Forrestal v. Magendantz*, 848 F.2d 303, 309 (1st Cir. 1988) ("There can be little doubt that suggesting to the jury that it put itself in the shoes of a plaintiff to determine damages is [an] improper argument. This so-called Golden Rule argument has been universally condemned because it encourages the jury to depart from neutrality . . . .").

"A 'Golden Rule appeal in which the jury is asked to put itself in the plaintiffs' position 'is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.'" *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226 (7th Cir. 1982) (citing *Ivy v. Sec. Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978)). "Such an argument is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Ivy*, 585 F.2d at 741 (collecting cases). It is for this reason that "[t]he straight golden rule argument—'put yourself in the shoes of my client,'—clearly has been banned by binding precedent." *Woods v. Burlington N. R.R. Co.*, 768 F.2d 1287, 1292 (11th Cir. 1985), *overruled on other grounds by Burlington N. R.R. Co. v. Woods*, 480 U.S. 1 (1987).

Based on the foregoing, the Court should prohibit Plaintiff from asking the jury to put themselves in the shoes of the Plaintiff and award damages to Plaintiff in the amount the jurors would charge if they were in Plaintiff's position *i.e.*, no "Golden Rule" argument. *See Colman v. Home Depot U.S.A., Inc.*, No. 1:15-cv-21555-UU, 2016 WL 4543119, at *1 (S.D. Fla. Feb. 9,

2016) (granting a motion in limine and prohibiting plaintiff's counsel from making "'golden rule' arguments to the jury.")

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an order *in limine* precluding Plaintiff, Plaintiff's counsel, or any witness from:

1. using the terms "thief", "stole", "robbed", or other similar pejorative terminology when presenting argument, evidence, or testimony to the jury;
2. asking the jury to "make a statement", "send a message", or "punish" Defendants with its verdict by finding Defendants liable and awarding damages;
3. making a "Golden Rule" argument by asking the jurors to place themselves or those associated with them in the shoes of the Plaintiff and to consider how it would feel if they were the Plaintiff; and
4. granting any additional or other relief the Court deems just and proper.

[ATTORNEY'S SIGNATURE ON NEXT PAGE]

                                                    Respectfully submitted,

Dated:  November 23, 2018                        **GREENBERG TRAURIG, P.A.**

                                                    /s/ *Jason H. Okleshen*
Jason H. Okleshen, Esq., FBN 0496170
okleshenj@gtlaw.com
Patrick G. Broderick, Esq., FBN 88568
*broderickp@gtlaw.com*
Brandon S. Leon, Esq., FBN 091525
leonb@gtlaw.com
777 S. Flagler Drive, Suite 300 East
West Palm Beach, Florida 33401
Telephone:  561-650-7900

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that on November 23, 2018, I electronically filed this motion with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on all counsel of record on the attached service list:

| | |
|---|---|
| Charles A. Gower, Esq.<br>Shaun P. O'Hara, Esq.<br>Charles A. Gower, P.C.<br>P.O. Box 5509<br>1425 Wynnton Road<br>Columbus, GA 31906<br>*Charles@cagower.com*<br>*shaun@cagower.com* | Robert Andrew Bernstein, Esq.<br>Brian W. Chaiken, Esq.<br>Annesser & Chaiken, PLLC<br>2525 Ponce De Leon Blvd., Suite 625<br>Coral Gables, Florida 33134<br>*rbernstein@aclaw-firm.com*<br>*bchaiken@aclaw-firm.com* |

                                                    By:  */s/ Jason H. Okleshen*
                                                           Jason H. Okleshen, Esq.