UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80525-CIV-MARRA/MATTHEWMAN

JENNIFER FORD HERNANDEZ,

    Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC and
U.S. BANK NATIONAL ASSOCIATION,
as trustee for GSMPS 2005-RP3,

    Defendant.
_____/

## DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE FORMER ATTORNEY FOR DEFENDANTS, JASON MANGRUM, ESQ., AS A WITNESS AND EVIDENCE OR REFERENCES TO HIS ALLEGED COMMUNICATION WITH PLAINTIFF CONCERNING OCWEN

Defendants, Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank National Association, as Trustee, successor-in-interest to Wachovia Bank National Association, as Trustee for GSMPS Mortgage Loan Trust 2005-RP3, Mortgage Pass-through Certificates, Series 2005-RP3 (the "Trustee") (collectively, "Defendants"), through counsel and pursuant Federal Rule of Evidence 502 and 802 move this Court to exclude (1) testimony from Jason Mangrum, Esq. and (2) evidence or references[1] to Jason Mangrum's purported communication with Plaintiff concerning Ocwen, as more fully described below. The grounds upon which this Motion in Limine is based are set forth below in the supporting memorandum of law.

### I.    INTRODUCTION

Any testimony by Mr. Mangrum, Defendants' former attorney, is privileged, inadmissible hearsay, and must be excluded from this trial.

Throughout the underlying foreclosure proceedings ("Foreclosure"), Defendants were represented by the law firm of Mackie Wolf Zientz & Mann, P.C. ("Mackie Wolf") and one its lawyers Jason Mangrum ("Mr. Mangrum"). At her deposition, Plaintiff testified that, as proof of

---

[1] This includes, without limitation, references in opening statement, *voir dire*, witness testimony, exhibits, demonstratives, closing argument, or otherwise.

Defendants' purported liability, Plaintiff was informed by Ocwen's representatives, including Mr. Mangrum, that Ocwen engaged in improper conduct and that Ocwen should be sued. More specifically, in response to Defendants' counsel's questioning regarding what prompted Plaintiff to find a lawyer following the Foreclosure, Plaintiff testified:

> JENNIFER HERNANDEZ: Listen to [Ocwen's] recording. They'll tell you. They knew they were wrong. Ocwen knew – everybody – at Ocwen knew that they were wrong.
>
> In fact, one of their representatives – you can listen to it on your recordings because it's on there - - flat told me, "I don't blame you for suing Ocwen. I think you should sue Ocwen," and that was far before I even looked for an attorney.
>
> They canceled probably ten different foreclosures prior to that date and were supposed to cancel that one. That should have never happened.
>
> I even spoke to their attorney in Nashville. I even have e-mails for that that I'll give him - - or you probably already have.

(Dkt. 71, Exh. 6 at 259:4-17). It has become clear that the "attorney in Nashville" referenced by Ms. Hernandez is Mr. Mangrum.

Plaintiff listed Mr. Mangrum as a "may call witness" in her Pretrial Disclosures. (Dkt. 94 at 2; Dkt. 109). As such, Defendants anticipate that Plaintiffs may call Mr. Mangrum as a witness in an attempt provide testimony regarding, among other things: (1) statements that Mr. Mangrum allegedly told Plaintiff regarding Ocwen's purported conduct during the Foreclosure and that Plaintiff should sue Ocwen and (2) information that Mr. Mangrum learned from Ocwen during his representation of Ocwen in the Foreclosure that purportedly led Mr. Mangrum to conclude that Ocwen's foreclosure on the Property was allegedly improper or in error. Defendants similarly anticipate that either during opening statement, by way of reference during witness examination, through exhibits, or in closing argument, Plaintiff will attempt to introduce evidence pertaining, or making refence, to these subjects.

Mr. Mangrum should be excluded as a witness because any testimony offered by him regarding the Property or Foreclosure is protected by the attorney-client privilege. In addition, Plaintiffs, their witnesses, and counsel should be prohibited from testifying, arguing, referencing

or otherwise mentioning before the jury by statement, innuendo, exhibit, or otherwise introducing into evidence communications between Mr. Mangrum and Plaintiff concerning the Property or the Foreclosure, as well as any information learned by Mr. Mangrum during his representation of Ocwen.

## II.     MEMORANDUM OF LAW

"A Motion In Limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial . . . ." *Stewart v. Hooters of Am., Inc.*, No. 804-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Id.*; *see also Morejon v. Louisville Ladder, Inc.*, No. 17-22558-CIV-O'SULLIVAN, 2018 WL 1505562, at *2 (S.D. Fla. Mar. 27, 2018). A court has the power to exclude evidence in limine when, as here, it is clearly inadmissible. *Id*.

### A.     Mr. Mangrum's Purported Statements to Plaintiff Concerning Ocwen Are Protected By The Attorney-Client Privilege.

Pursuant to Federal Rule of Evidence 501, Mr. Mangrum should be precluded from testifying at trial, and Plaintiff, her witnesses, and her counsel should be prohibited from testifying, arguing, referencing, or otherwise mentioning before the jury any communication between Mr. Mangrum and Plaintiff concerning Ocwen.

#### 1.     The Attorney-Client Privilege Under Tennessee Law.

In a civil case, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501; *see also 1550 Brickell Assocs., v. Q.B.E. Ins. Co.*, 253 F.R.D. 697, 699 (S.D. Fla. 2008) ("Attorney-client privilege is governed by state law in diversity actions."). Here, because Tennessee law applies to the substantive issues in this diversity action, questions concerning the attorney-client privilege should be decided in accordance with Tennessee law. *See 1550 Brickell Assocs.*, 253 F.R.D. at 699; *see also Shipes v. BIC Corp.*, 154 F.R.D. 301, 304 (M.D. Ga. 1994) (applying Georgia law to questions concerning the attorney client privilege because Georgia law applied to the substantive issues in the diversity tort action); *McClary v. Walsh*, 202 F.R.D. 286, 290 (N.D. Ala. 2000) ("Because the rule of decision in this diversity case is supplied by Alabama state law, the law of privileges also comes

3

from state law."); *Terrell v. Memphis Zoo, Inc.*, No.17-cv-2928-JPM-tmp, 2018 WL 3245003, at *2 (W.D. Tenn. July 3, 2018) (applying Tennessee law to resolve issues of attorney-client privilege because Tennessee law applied to the claims at issue).

"By statute and common law, Tennessee recognizes an evidentiary privilege that protects the confidentiality of attorney-client communications." *State v. Buford*, 216 S.W.3d 323, 326 (Tenn. 2007). According to T.C.A. § 23-3-105:

> No attorney, solicitor or counselor shall be permitted, in giving testimony against a client or person who consulted the attorney, solicitor or counselor professionally, to disclose any communication made to the attorney, solicitor or counselor as such by such person during the pendency of the suit, before or afterward, to the person's injury.

*See* T.C.A. § 23-3-105. "Although T.C.A. § 23-3-105 refers to communications made to an attorney by a client, communications made by a client to an attorney are privileged to the extent those communications are based upon a client's confidential communication or would reveal the nature of a confidential communication if disclosed." *Terrell*, 2018 WL 3245003, at *2 (citing *Buford*, 216 S.W.3d at 326). Moreover, "[t]he Tennessee Supreme Court has held that the privilege 'excludes all communications, and all facts that come to the attorney in confidence of the relationship.'" *Royal Surplus Lines Ins. v. Sofamor Danek Grp.*, 190 F.R.D. 463, 468 (W.D. Tenn. 1999) (quoting *Johnson v. Patterson*, 81 Tenn. 626, 649 (1884)). "Tennessee's codification of the privilege embodies common law principles, and the purpose of the privilege is to encourage 'full and frank communication between attorney and client by sheltering these communications from disclosure.'" *Terrell*, 2018 WL 3245003, at *3 (quoting *Culbertson v. Culbertson*, 393 S.W.3d 678, 684 (Tenn. Ct. App. 2012)).

Notably, the privilege is not absolute. "The party asserting the privilege must establish that the (1) asserted holder of the privilege is or sought to become a client; (2) person to whom the communication was made is a member of the bar of a court, or his subordinate and in connection with this communication is acting as a lawyer; (3) communication relates to a fact of which the attorney was informed by his client without the presence of strangers for the purpose of securing primarily either an opinion on law or legal services or assistance in some legal proceeding and not for the purpose of committing a crime or tort; and (4) privilege has been claimed and not waived

4

by the client." *Terrell*, 2018 WL 3245003, at *3; *see also* s*ee Royal Surplus Line*, 190 F.R.D. at 468-69.  Defendants have clearly made such a showing in this matter.

### 2. Tennessee's Attorney-Client Privilege Applies to the Communication at Issue.

Here, Mr. Mangrum's anticipated testimony concerning communications with Plaintiff—based on confidential information he received from Ocwen during his representation—regarding Ocwen, the Property, and Foreclosure are clearly within the scope of the attorney-client privilege.

First, it is undisputed that Mr. Mangrum served as Ocwen's attorney during the Foreclosure, and that he is an attorney licensed in Tennessee.  Second, Mr. Mangrum's alleged communication with Plaintiff, anticipated to be revealed—*i.e.*, that Ocwen purportedly engaged in improper or erroneous activity with respect to the Property during the Foreclosure—clearly relates to information of which Mr. Mangrum could only be informed by Ocwen during his representation. In other words, even assuming Mr. Mangrum told Plaintiff that Ocwen should "be sued by Plaintiff" as a result of Ocwen's actions in the Foreclosure—which there is no documentary evidence to such an effect—the underlying information forming the basis of Mr. Mangrum's purported statement could only have been received from confidential information and communications provided to him by Ocwen.  Next, there is no dispute that Mr. Mangrum received this alleged information from Ocwen without the presence of strangers for the purpose of securing legal services in connection with the Foreclosure.  Finally, Ocwen has not waived the attorney-client privilege.[2]

Thus, Mr. Mangrum's testimony regarding what he allegedly told Plaintiff regarding Ocwen's purported actions during the Foreclosure are clearly within the scope of the attorney-client privilege.  Any reference to testimony regarding privileged attorney-client communication concerning Ocwen, the Property, and Foreclosure should be excluded from evidence and from trial

---

[2] To the extent Plaintiff will claim in her response to this Motion that the attorney-client privilege has somehow been waived as a result of Mr. Mangrum's alleged conversation with Plaintiff, such an argument fails.  Tennessee law is clear that "the 'holder' and only the holder of the privilege can waive it" and that "the client serves as the holder of the attorney-client privilege. . . ." *Pinkard v. HCA Health Servs. of Tenn., Inc.*, 545 S.W.3d 443, 455 (Tenn. Ct. App. 2017).  As such, only Ocwen, not Mr. Mangrum can waive the attorney-client privilege.

because it is inadmissible under Federal Rule of Evidence 501. As such, this Court should exclude Mr. Mangrum from testifying and instruct Plaintiff, her counsel, and witnesses that no person is to mention, refer to, interrogate concerning, or attempt to suggest to the jury in any matter, directly or indirectly, any evidence or related testimony regarding the alleged statements purportedly made by Mr. Mangrum to Plaintiff concerning Ocwen's alleged actions in the Foreclosure and with respect to the Property.

### B. Mr. Mangrum's Alleged Statements to Plaintiff Are Inadmissible Hearsay.

Even if Plaintiff can somehow overcome the attorney-client privilege hurdle, which she cannot, the alleged statements made by Mr. Mangrum to Plaintiff regarding Ocwen's alleged actions during the Foreclosure and with respect to the Property should be excluded as inadmissible hearsay. "'Hearsay' means a statement that . . . the declarant does not make while testifying at the current trial or hearing; and . . . a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is not admissible unless allowed by federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court. Fed. R. Evid. 802.

The purported statements made by Mr. Mangrum to Plaintiff regarding Ocwen's alleged actions during the Foreclosure are clearly inadmissible hearsay. To the extent Plaintiff attempts to offer these statements to prove that the truth of the matter asserted therein, *i.e.*, that Ocwen engaged in improper or erroneous activity, these statements should be excluded. As such, this Court should exclude this testimony and instruct Plaintiff, her counsel, and witnesses that no person is to mention, refer to, interrogate concerning, or attempt to suggest to the jury in any matter, directly or indirectly, any evidence or related testimony regarding the alleged statements purportedly made by Mr. Mangrum to Plaintiff concerning Ocwen's alleged actions in the Foreclosure and with respect to the Property.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an order *in limine* precluding

    1. Jason Mangrum from testifying;

2. Plaintiff, Plaintiff's counsel, or any witness from testifying, arguing, referencing or otherwise mentioning before the jury by statement, innuendo, exhibit or otherwise introducing into evidence communications between Mr. Mangrum, or any of Defendants' lawyers, and Plaintiff concerning the Property or the Foreclosure, as well as any information learned by Mr. Mangrum during his representation of Ocwen; and

3. granting any additional or other relief the Court deems just and proper.

Respectfully submitted,

Dated:  November 23, 2018

**GREENBERG TRAURIG, P.A.**

/s/ *Jason H. Okleshen*
Jason H. Okleshen, Esq., FBN 0496170
okleshenj@gtlaw.com
Patrick G. Broderick, Esq., FBN 88568
*broderickp@gtlaw.com*
Brandon S. Leon, Esq., FBN 091525
leonb@gtlaw.com
777 S. Flagler Drive, Suite 300 East
West Palm Beach, Florida 33401
Telephone:  561-650-7900

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 23, 2018, I electronically filed this motion with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on all counsel of record on the attached service list:

| | |
|---|---|
| Charles A. Gower, Esq.<br>Shaun P. O'Hara, Esq.<br>Charles A. Gower, P.C.<br>P.O. Box 5509<br>1425 Wynnton Road<br>Columbus, GA 31906<br>*Charles@cagower.com*<br>*shaun@cagower.com* | Robert Andrew Bernstein, Esq.<br>Brian W. Chaiken, Esq.<br>Annesser & Chaiken, PLLC<br>2525 Ponce De Leon Blvd., Suite 625<br>Coral Gables, Florida 33134<br>*rbernstein@aclaw-firm.com*<br>*bchaiken@aclaw-firm.com* |

By: */s/ Jason H. Okleshen*
Jason H. Okleshen, Esq.