IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JENNIFER FORD HERNANDEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OCWEN LOAN SERVICING, LLC and )<br>U.S. BANK NATIONAL )<br>ASSOCIATION, as trustee for GSMPS )<br>2005-RP3, )<br>)<br>Defendants. ) | Case No. 9:17-cv-80525 |

**PLAINTIFF, JENNIFER FORD HERNANDEZ'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE REGARDING THE CFPB LAWSUIT AND ANY OTHER CLAIMS, LAWSUITS, GOVERNMENT INVESTIGATIONS, OR CONSENT ORDERS INVOLVING DEFENDANTS [DOC. 111]**

In April 2017, Ocwen was sued by the Consumer Financial Protection Bureau and the State of Florida for its reckless servicing of consumers' loans. Two matters are currently pending before this Court as follows:

(1) *Consumer Financial Protection Bureau v. Ocwen Financial Corporation, et al.*, No. 17-cv-80495 (S.D. Fla.) (the "CFPB Matter"); and

(2) *Florida v. Ocwen Financial Corporation, et al*, No. 17-cv-80496 (S.D. Fla.) (the "Florida Matter").[1]

Defendants' reckless servicing as identified in the two aforementioned matters resulted in countless wrongful foreclosures, including the wrongful foreclosure of Plaintiff's home. At the heart of the issue is Defendants' REALServicing system, which was described by Ocwen's

---

[1] It should be noted that Defendants filed a motion for judicial notice of several docket entries from multiple federal court cases, arguing that they were matters of public record and that Federal Rule of Evidence 201(b) provides that that the Court may take judicial notice of facts that are ". . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." This rule further provides that the Court "shall take judicial notice if requested by a party and supplied with the necessary information." *See Generally*, [Doc. 103]. The CFPB and State of Florida Complaints are also public record. What is good for the goose is good for the gander.

representative as an "absolute train wreck". This statement, and others, are admissions by a party and are not excluded under the hearsay rules. Further, the admission that the REALServicing system used by Defendants was a train wreck, and other admissions, are relevant to Plaintiff's fraud and misrepresentation claims and to Plaintiff's claim for punitive damages. Further, Defendants have argued throughout this case, and in many of its affirmative defenses, that Plaintiff failed to do what was necessary to prevent the wrongful foreclosure of her home. Defendants' affirmative defenses open the door to the admissions and revelations found in the CFPB and State of Florida Complaints. Defendants' motion should be denied as the CFPB and State of Florida Complaints are: (1) directly relevant to Defendants' affirmative defenses; (2) directly relevant to Plaintiff's claim;, (3) will assist the jury in evaluating the weight and credibility of other evidence likely to be presented by Defendants at trial; (4) evidence of Defendants' routine business practice of failing to maintain accurate records; and (5) contain admissible statements made by Defendants regarding the inaccuracy of its records and go to issues of credibility and impeachment.

Plaintiff is not seeking to introduce the entirety of either the CFPB's or State of Florida's Complaints against Ocwen. Rather, Plaintiff is only seeking to introduce into evidence and/or question Ocwen's representative about Ocwen's admission that its servicing was an "absolute train wreck" and that Ocwen was "absolutely concerned that it could not service loans in compliance with applicable laws." Those admissions by the head of servicing of Ocwen should come into evidence in this case.

**I.      Argument and Citation of Authority.**

Defendants argue that the CFPB and State of Florida Complaints should be excluded because they are hearsay, they "have no relevance whatsoever to this case," and because the prejudicial effect outweighs the probative value. *See generally*, [Doc. 111].  Notwithstanding Defendants' arguments to the contrary, the admissions revealed in the CFPB and State of Florida Complaints are not excluded hearsay and are undoubtedly relevant to Defendants' servicing of Plaintiff's loan in this case. The admissions are relevant and probative to the issue of whether Defendants recklessly serviced Plaintiff's loan and caused the wrongful foreclosure of her home.

**A.      The Admissions are Relevant.**

Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. A string of misrepresentations, starting with Defendants' promise in July 2015 that there was not

anything further Jennifer needed to do once the funds were received, led to the fraudulent and wrongful foreclosure of Jennifer' home. Defendants recklessly (and inconsistently) represented to Jennifer for 18 months that: (1) she did not need to do anything further once the funds were received; (2) that she owed more money because she did not send anything in writing for the funds to be applied to the mortgage; and (3) that there was an error on the account and the funds should be applied to pay off the mortgage. Defendants admit that the funds should have been applied to pay off the loan in June 2016, but Defendants foreclosed in January 2017 anyway.

In order to sustain a cause of action for fraudulent misrepresentation, the plaintiff must show that: (1) the defendant made a representation of an existing or past fact; (2) the representation was false when made; (3) the representation was in regard to a material fact; (4) **the false representation was made either knowingly or without belief in its truth or recklessly**; (5) plaintiff reasonably relied on the misrepresented material fact; and (6) plaintiff suffered damage as a result of the misrepresentation. *Stanfill v. Mountain*, 301 S.W.3d 179, 189 (Tenn. 2009). To prove fraudulent misrepresentation, Jennifer must show that there was an intentional misrepresentation of a material fact, made with knowledge of its falsity or reckless disregard for its truth. *Allied Sound, Inc. v. Neely*, 58 S.W.3d 119, 122 (Tenn. Ct. App. 2001). The aforementioned admissions go directly to Defendants' reckless servicing of Plaintiff's loan. They are also relevant to Plaintiff's punitive damages claim.

In a 2014 internal communication to Ocwen's Chief Executive Officer, Ocwen's head of servicing described Ocwen's technology with regard to servicing loans as "**an absolute train wreck**." That "train wreck" caused Plaintiff to lose her home. **Another Ocwen executive** testified in May 2016 that she was absolutely concerned that Ocwen could not service loans on REALServicing in compliance with applicable laws between 2014 and 2015.

The admissions are also admissible under Federal Rule of Evidence 404(b). The decision to grant or deny a motion in limine is within the sound discretion of the trial court and will only be reversed for abuse of discretion. *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1161 (11th Cir. 2005). Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. Such evidence may, however, be admissible for other purposes, such as to prove **motive**, **opportunity**, **intent**, preparation, **plan**, **knowledge**, identity, **or absence of mistake or accident**. Rule 404(b) permits the introduction of such evidence if (1) the evidence is relevant to an issue

3

other than the defendant's character; (2) the act is established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; and (3) the probative value of the evidence is not substantially outweighed by its undue prejudice. *United States v. Matthews*, 431 F.3d 1296, 1310-11 (11th Cir. 2005).

As a general proposition, evidence of a defendant's other fraudulent actions, even if uncharged, are frequently admissible under Rule 404(b) for the purpose of proving intent, knowledge, and absence of mistake. *See. e.g.*, *United States v. LaSpesa*, 956 F. 2d 1027, 1036 (11th Cir. 1992) (evidence of similar acts of defendant in defrauding loan applicants admitted in mail fraud prosecution for offering similar loan fraud services); *United States v. Jensen*, 41 F.3d 946, 957-58 (5th Cir. 1994) (extrinsic evidence of defendant's false statements on a bankruptcy document, a false tax return he provided in connection with the purchase of a car, and the submission of false loan documents concerning a separate project admissible to rebut claim in bank and wire fraud case that defendant lacked culpable state of mind and did not intentionally mislead people); *United States v. Hooshmand*, 931 F. 2d 725, 736 (11th Cir. 1991) (evidence of other document alteration admitted to prove intent and "to show a defendant's ability and experience to execute a fraudulent scheme"); *United States v. Uptain*, 552 F. 2d 1107 (5th Cir. 1977) (similar acts of uncharged wire fraud admitted to show knowledge, intent, and "a consistent pattern and scheme of operation").

The Eleventh Circuit has held that it is not an abuse of discretion for a district court to allow evidence of other similar fraudulent conduct to show knowledge, motive, and intent to defraud. *United States v. Kannell*, 545 F. App'x 881, 884-85 (11th Cir. 2013). In *Kannell*, the Eleventh Circuit held that the district court did not abuse its discretion by admitting evidence, under Federal Rule of Evidence 404(b), regarding the defendant's involvement in similar, fraudulent activities. The defendants were convicted for multiple counts of wire and mail fraud for offenses they committed in a scheme to defraud disaster relief agencies. *Id*. at 883. During an investigation, agents of the United States Postal Inspection Service obtained claim forms showing that the defendants filed about 200 fraudulent applications for unemployment relief with five disaster relief agencies using the names of individuals whose identities were stolen. *Id*. at 884. The agents also obtained records of bank accounts controlled by the defendants establishing that they had made numerous deposits of fraudulently obtained federal income tax refunds and disaster relief payments. The Eleventh Circuit held that the evidence of other similar acts was relevant to prove

that the defendants "**knew how to file fraudulent claims for disaster relief, were familiar with using stolen identities, and intended to steal and misuse personal identification information for personal gain**." *Id*. at 884, citing *United States v. Brown*, 665 F.3d 1239, 1248 (11th Cir. 2011).

Here, the admissions made by Ocwen's executives reveal many practices that are similar, if not identical, to the facts in this case. Further, Defendants have opened the door to the admissions coming into evidence in this case by unwaveringly arguing that Plaintiff "failed to do what was necessary" by failing to sign an affidavit allowing Defendants to use the funds to pay off the mortgage. Further, the probative value of such evidence outweighs any potential prejudicial effect. Defendants have repeatedly argued that Plaintiff failed to do what was necessary in this case. Defendants have maintained several affirmative defenses claiming that Plaintiff caused the wrongful foreclosure. Defendants' business practices as revealed in the CFPB and State of Florida Complaints are relevant to those defenses and Plaintiff's claims.

**B.     The CFPB and State of Florida Complaints are Admissions**

Under the Federal Rules of Evidence, a "statement by [a] party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship," is deemed an admission by a party opponent and is excluded from the definition of hearsay. Fed. R. Evid. 801(d)(2)(D); *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 557 (11th Cir. 1998). Further, the allegations are admissible under F.R.E. 804(b)(3), which recognizes the reliability of statements against interest by unavailable declarants as "persons do not make statements which are damaging to themselves unless satisfied for good reason that they are true." *See* Advisory Committee Notes to F.R.E. 804(b)(3); *United States v. Harrell*, 788 F.2d 1524, 1526 (11th Cir. 1986) (statement implicating declarant in criminal conspiracy admissible as against declarant's interest); *United States v. Dekle*, 768 F.2d 1257, 1262 (11th Cir. 1985) (admission that one is involved in a criminal conspiracy meets the requirement that a statement be against the interest of a declarant).

**II.     Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' motion in limine regarding the admissions revealed in the CFPB and State of Florida Complaints.

5

Respectfully submitted this 3rd day of December, 2018.

*s/Charles A. Gower*
Charlie@cagower.com
Shaun P. O'Hara, Esq.
Shaun@cagower.com
Charles A. Gower, P.C.
1425 Wynnton Road
Columbus, GA 31906
Telephone: (706) 324-5685

*s/ Brian W. Chaiken*
Brian W. Chaiken, Esq. (118060)
bchaiken@aclaw-firm.com
ANNESSER & CHAIKEN, PLLC
2525 Ponce De Leon Blvd.,
Suite 625
Coral Gables, FL 33134
Telephone: (786) 600-7446
Facsimile: (786) 607-3022

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of December, 2018, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Brian W. Chaiken* _____
Brian W. Chaiken, Esq. (118060)
bchaiken@aclaw-firm.com
ANNESSER & CHAIKEN, PLLC
